IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATISHA FORBES,<br><br>    Plaintiff,<br><br>  v.<br><br>GREAT-WEST HEALTHCARE,<br>GREAT-WEST LIFE & ANNUITY<br>INSURANCE CO., KRISTI HOLT,<br>and SHARON HAZELTON,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:05-CV-2677-RWS-GGB |

## CONSENT PROTECTIVE ORDER

This case is before the court on the parties' Confidentiality Agreement and Proposed Stipulated Protective Order. [Doc. 28]. The court hereby **ADOPTS** the Confidentiality Agreement and Proposed Stipulated Protective Order with the following proviso: <u>Documents may not be filed under seal without the court's prior approval</u>.

The common law right of access to the courts "includes the right to inspect and copy public records and documents." <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1311 (11th Cir. 2001)(citing <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)). This right is "an essential component of our system of justice" and "is instrumental in securing the integrity of the process." <u>Chicago Tribune Co.</u>, 263 F.3d at 1311 (citing <u>Richmond Newspapers, Inc.</u>

v. Virginia, 448 U.S. 555, 564-74, 100 S.Ct. 2814, 2821-26, 65 L.Ed.2d 973 (1980). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Id. (internal quotation marks and brackets omitted). A balancing of competing interests is required. Id. (citing Newman, 696 F.2d at 803). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2nd Cir. 1995).

For these reasons, a party seeking to file a document under seal must first file a motion to seal. The accompanying brief should explain why the document is worthy of protection in light of the public's interest in access.

**IT IS SO ORDERED**, this 30th day of May, 2006.

            /s/ Gerrilyn G. Brill
            GERRILYN G. BRILL
            UNITED STATES MAGISTRATE JUDGE